# LEE LITIGATION GROUP, PLLC
148 WEST 24TH STREET, EIGHTH FLOOR
NEW YORK, NY 10011
TEL: 212-465-1180
FAX: 212-465-1181
INFO@LEELITIGATION.COM

<u>Via ECF</u>                                                                                                               December 5, 2024

The Honorable Judge Joseph A. Marutollo, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    *Gonzalez v. Wicked Taco LLC, et al.*
               Case No. 1: 23-cv-09555 (JAM)

Dear Judge Marutollo:

      We represent Plaintiff in the above-referenced matter and write to supplement and renew Plaintiff's letter motion requesting that Defendants be sanctioned for failing to comply with their discovery obligations and produce Court Ordered Discovery (Dkt. No. 26).

      On August 19, 2024, the Court granted Plaintiff's request for contact information, i.e., name, address, email and mobile numbers of all non-exempt employees employed at Defendants' three restaurants, Bongo Burrito, Charred Brick Oven and Puglias, during the class period. The Court also Ordered Defendants to produce class-wide documents comprising wage statements and time records for all front-of-house and back-of-house employees employed at Bongo Burrito, Charred Brick Oven and Puglias during the class period. *See* Order re [23], dated August 19, 2024.

      While the Court's Order directing Defendants to produce class-wide contact information across the three Restaurants has been appealed to the District Judge and is still awaiting decision (see Dkt. Nos. 30, 36), Plaintiff recently learned that Defendants misrepresented to Plaintiff and the Court the completeness of their production of wage and hour documents for Bongo Burrito, Charred Brick Oven and Puglias. This misrepresentation is in direct disobedience of the Court's August 19th Order and warrants sanctions.

      Following the Court's August 19th Order and during a meet and confer between the parties Defendants agreed that by August 26, 2024, they would provide a production date for, *inter alia*, class-wide production of punch records and wage statements for all front-of-house and back-of-house employees employed by Defendants' three Restaurants during the class period. A few days later, the parties met and conferred again, and Defendants agreed to produce the Court Ordered class-wide production by August 30, 2024. *See* **Exhibit 1**, page 1-2 attached hereto. *See also* Exhibit A, Dkt. No. 26-1.

      On September 17, 2024, following various discovery dispute motions filed jointly by the parties, the Court entered a Scheduling Order warning, "If the Court determines at the conference that a party has intentionally failed to comply with the Court's prior orders, the Court will issue sanctions against the violating party." The Court also directed the parties to update the Court by September 23, 2024, indicating whether any discovery disputes related to the Court's Order remain.

In the joint letter filed on September 20, 2024, the only dispute raised was Defendants' failure to produce comprehensive contact information across the 3 Restaurants covering the class period. This is because at all times during the litigation, Defendants represented that they had produced all of the Court Ordered time records and wage records in their possession. When Plaintiff informed Defendants that their production did not include pay and time records for Charred Brick Oven or Puglias, or front-of-house employees of Bongo Burrito, Defendants claimed there was a fire that destroyed those records and even included photos of the destruction as part of their production.

In his motion for conditional collective certification, Plaintiff noted Defendants' failure to produce the Court Ordered class production for Charred Brick Oven and Puglias, and requested the Court draw an adverse inference resulting from Defendants' failure to maintain or produce those documents.

> [T]he alleged failure of Plaintiff's lack of documentation is attributable not to any fault of Plaintiff, but rather to Defendants' failure to maintain or produce any wage and hour documents for non-kitchen staff at any of the Restaurants during the collective period, despite the Court Ordering Defendants to produce time and pay records for all front-of-house and back-of-house employees at Defendants' Restaurants during the class period. *See* Order, dated August 19, 2024. Yet, it has conveniently been Defendants' position that they do not possess such comprehensive documents and produced all in their possession—which was only records for kitchen staff at one restaurant.

Plaintiff's Reply in Support of Motion for Conditional Collective Certification, Dkt. No. 44 at 6.

However, in Defendants' filing (Dkt. No. 46), Defendants now claim that the payroll provider Paychex, Inc. maintains electronic records for front-of-house employees at Defendants' Restaurants. These employees use a computer system to punch in and punch out, and Paychex generates a check based on the hours recorded. *Id*. Defendants assert "[e]verything is maintained by Paychex. So contrary to plaintiff's assertion, Bongo Burrito never "failed to maintain or produce" documents." *Id*. Very recently at deposition Defendants confirmed: (i) that they utilized a common payroll processor for all their Restaurants (**Exhibit 2**, Excerpt from Transcript of Deposition Garofalo at 8:17-9:9), (ii) that Individual Defendant Garofalo has access to employee records at all of the Restaurants, and (iii) these records are accessible and maintained electronically by Paychex. *Id*. at 17:2-9; 36:20-23.

However, despite Paychex wage records being electronic, and Defendants having access to them, Defendants failed to produce comprehensive records for front-of-house and back-of-house Class Members across all 3 of Defendants' Restaurants (as repeatedly Ordered by the Court), and instead only produced records for back-of-house employees at one location, Bongo Burrito.

"Courts have interpreted control to encompass situations where a party has the practical ability to acquire or access documents by (1) legal entitlement or (2) any other means. [] Thus, under Rule 34, even if a party does not have actual or physical control over documents, if [it] has access and the practical ability to possess documents not available to the party seeking them, production may be required." *See CBF Industria De Gusa S/A v. AMCI, Holdings*, No. 13-CV-2581 (PKC) (JLC), 2019 U.S. Dist. LEXIS 124326 (S.D.N.Y. July 15, 2019) at 40 (internal citations and quotations omitted).

2

Here, while Defendants themselves may not have had physical access to the class-wide time and pay records at all of the three Restaurants, they had the "practical ability to acquire or access" them, and accordingly were required to obtain and produce them.

Sanctions are warranted due to Defendants' refusal to produce Court Ordered discovery

The Court Ordered Defendants to produce class-wide documents comprising wage statements and time records for all front-of-house and back-of-house employees employed at Bongo Burrito, Charred Brick Oven and Puglias during the class period. *See* Order re [23], dated August 19, 2024. As detailed above, Defendants did not comply with that Order, and instead misrepresented to Plaintiff and the Court that they only possessed records for back-of-house employees at Bongo Burrito. Defendants' failure to produce the Court Ordered documents resulted in countless needless discovery motions, and unnecessarily wasting both the Court and Plaintiff's time. All of which has unreasonably multiple the proceedings.

Sanctions are warranted due to Defendants' failure to comply with the Court's Order. *See* 28 U.S.C. § 1927, *see also* Fed. R. Civ. P. 37(b)(2). "Under § 1927, '[a]ny attorney or other person admitted to conduct cases . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." *Revson v. Cinque & Cinque, P.C.,* 221 F.3d 71, 79 (2d Cir. 2000) (quoting 28 U.S.C. § 1927). The principal purpose of Section 1927 is to deter attorneys from engaging in conduct that causes unnecessary delay or generates needless proceedings. *Sibley v. Jamestown Bd. of Pub. Utils.*, 2012 U.S. Dist. LEXIS 134166, at *2-3 (W.D.N.Y. Sep. 19, 2012). "An award under § 1927 is proper when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." *In re Air Disaster at Lockerbie*, 144 F.R.D. 613, 616 (E.D.N.Y. 1992) (quoting *Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir. 1986)). See also *Liu v. Millenium Motors Sports*, LLC, 2020 U.S. Dist. LEXIS 208524 *3. "Defendants have repeatedly failed to respond to Plaintiffs discovery requests. Given Defendants' refusal to advance the litigation at all, the Court finds that lesser sanctions would not achieve compliance or have the necessary deterrent effect." *Id.*

In the view of the foregoing, Plaintiff requests that: (i) Defendants be compelled to produce comprehensive class-wide pay and time records for all front-of-house and back-of-house employees employed at Defendants' Restaurants Bongo Burrito, Puglias, Charred Brick Oven (and its predecessor Lobster Shack) immediately, (ii) Defendants be sanctioned for their failure to comply with the Court's Order in the amount of the attorney's fees incurred with the discovery motions in the amount of $5,000, and (iii) Defendants be sanctioned in the amount of $100 per day from the Court's Order of September 17, 2024.

We thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ C.K. Lee*
C.K. Lee, Esq.

3