UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

JOSE R GONZALEZ, *on behalf of himself, FLSA Collective Plaintiffs, and the Class*,

      *Plaintiff*,

– against –

WICKED TACO LLC, *d/b/a Bongo Burrito*; NDL RESTAURANT CORP., *d/b/a Charred Brick Oven*; D&L RESTAURANT CORP., *d/b/a Puglias* and GREGORY GAROFALO,

      *Defendants*.

**MEMORANDUM & ORDER**
23-cv-09555 (NCM) (JAM)

---

**NATASHA C. MERLE**, United States District Judge:

  Defendants seek relief from an order issued by Magistrate Judge Marutollo conditionally certifying a Fair Labor Standards Act ("FLSA") collective, and a subsequent order denying reconsideration of the conditional certification order. *See* Renewed Objection to Order on Motion to Certify FLSA Collective Action ("Second Obj."), ECF No. 93. For the reasons that follow, defendants' objections to Magistrate Judge Marutollo's orders are overruled.

## BACKGROUND

  On January 31, 2025, Magistrate Judge Marutollo granted in part and denied in part plaintiff's motion to conditionally certify an FLSA collective. *See* Certification Order ("Cert. Order") 1–2, 13, ECF No. 73. In the Certification Order, Magistrate Judge Marutollo granted plaintiff's request to conditionally certify as a collective all current and former employees employed by Wicked Taco LLC d/b/a Bongo Burrito and NDL

1

Restaurant Corp. d/b/a Charred Brick Oven from December 28, 2020 to the present. *See* Cert. Order 1–2, 30.[1]

On February 13, 2025, defendants filed two challenges to the certification order. Defendants first filed a motion for reconsideration of the Certification Order, directed to Magistrate Judge Marutollo. *See* Memorandum of Law in Support of Motion for Reconsideration ("Mot. Recon."), ECF No. 79-1. Defendants also filed an objection to the Certification Order, directed to the undersigned, on the same grounds. *See* Defendants' Objection to Order on Motion to Certify FLSA Collective Action ("First Obj."), ECF No. 78. The undersigned denied that objection with leave to renew because it was "virtually identical in substance" to defendants' Motion for Reconsideration directed to Magistrate Judge Marutollo. *See* ECF Order dated Feb. 14, 2025. The undersigned granted defendants leave to renew their objection within 14 days of Magistrate Judge Marutollo's ruling on defendants' Motion for Reconsideration. *See id.*

In their Motion for Reconsideration, defendants argued that the conditionally certified collective should include only employees who were paid a "fixed-salary." Mot. Recon. 2–3.[2] On March 25, 2025, Magistrate Judge Marutollo denied defendants' Motion for Reconsideration. *See* Order on Reconsideration ("Recon. Order"), ECF No. 91. In his order, Magistrate Judge Marutollo concluded that plaintiff had satisfied his burden at the conditional certification stage to make a showing that defendants had a policy to not pay

---

[1] In that same order, Magistrate Judge Marutollo also granted in part and denied in part plaintiff's motion to amend his complaint, and denied plaintiff's two requests for sanctions. *See* Cert. Order. 36–45. Defendants do not object to these determinations.

[2] Throughout this Order, page numbers for docket filings refer to the page numbers assigned in ECF filing headers.

2

overtime in violation of the FLSA, which was applied by defendants to all covered employees. *See* Recon. Order 5–6.

Defendants thereafter renewed their objection to the Certification Order and directed that objection to the undersigned. *See* Second Obj. Defendants rely primarily on their previously filed objection, which was virtually identical to the motion for reconsideration considered and denied by Magistrate Judge Marutollo. However, defendants raise one additional argument in support of their objection: they argue that Magistrate Judge Marutollo erred in finding that payroll records offered by plaintiff were sufficient to show that defendants have a policy of not paying overtime to hourly employees. Second Obj. 1–2.

## STANDARD OF REVIEW

This Court reviews a magistrate judge's order on a "pretrial matter not dispositive of a party's claim or defense" pursuant to Federal Rule of Civil Procedure 72(a). Fed. R. Civ. P. 72(a). An order conditionally certifying "a collective action under the FLSA is a non-dispositive pretrial matter." *Lovelace v. Land Appliance Sales, Inc.*, No. 18-cv-06892, 2020 WL 8921381, at *1 (E.D.N.Y. Mar. 31, 2020).[3] Rule 72(a) requires the Court to "set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). *See also Bulgari v. Bulgari*, No. 22-cv-05072, 2025 WL 1413584, at *1 (S.D.N.Y. May 15, 2025) ("[F]or objections to a magistrate judge's ruling on non-dispositive matters, district courts must modify or set aside any part of the order that is clearly erroneous or is contrary to law."). Clear error requires a "definite and firm conviction that a mistake has been committed" based on the "entire evidence" in the

---

[3]    Throughout this opinion, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

record. *Dorsett v. Cnty. of Nassau*, 800 F. Supp. 2d 453, 456 (E.D.N.Y. 2011), *aff'd sub nom.*, *Newsday LLC v. Cnty. of Nassau*, 730 F.3d 156 (2d Cir. 2013). A magistrate judge's order may be contrary to law "when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Id.* This is a "highly deferential standard." *Mestecky v. N.Y.C. Dep't of Educ.*, No. 13-cv-04302, 2016 WL 7217637, at *1 (E.D.N.Y. Dec. 12, 2016). Thus, "an objecting party carries a heavy burden to prove error." *Rivera v. Lettire Constr. Corp.*, No. 21-cv-06006, 2022 WL 14891414, at *2 (S.D.N.Y. Oct. 26, 2022).

## DISCUSSION

In his order conditionally certifying plaintiff's proposed FLSA collective, Magistrate Judge Marutollo conditionally certified a collective of those employees "who worked as a host, waiter, server, bartender, barback, food runner, busser, delivery person, cook, dishwasher, food preparer, or porter at Bongo Burrito or Charred Brick Oven." Cert. Order 30. Defendants object, arguing that this class definition is overbroad, and should be narrowed to include only those employees who, like plaintiff, were paid on a fixed-salary basis. *See generally* First Obj. In defendants' renewed objection, they argue that the payroll records of hourly employees, which contain instances of defendants failing to pay overtime, were insufficient to show a "scheme to fail to pay overtime," and instead show only a "few instances of human error." Second Obj. 2. The Court is not persuaded.

As discussed by Magistrate Judge Marutollo in his Certification Order, and his Order on Reconsideration, the first step in approval of an FLSA collective action involves an initial determination of whether to send notice to potential opt-in plaintiffs who may be similarly situated to the named plaintiff "with respect to whether a FLSA violation has occurred." *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010). The factual showing required from the plaintiff is "modest," as the purpose of this first step is "merely to

4

determine whether similarly situated plaintiffs do in fact exist." *Id.* When making this determination, the court does "not weigh the merits of the underlying claims in determining whether potential opt-in plaintiffs may be similarly situated," and does not "resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations." *Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007). If the court determines that "the named plaintiff[] and the potential opt-in plaintiffs are similarly situated, then the court may order that notice be sent to the potential opt-in plaintiffs." *Wang v. Empire State Auto Corp.*, No. 14-cv-01491, 2015 WL 4603117, at *5 (E.D.N.Y. July 29, 2015).

In their objection, defendants argue that Magistrate Judge Marutollo erroneously concluded that plaintiff had shown that he was similarly situated to the potential opt-in plaintiffs, which include all employees employed by defendants at certain restaurants.[4] *See* First Obj. 3. Defendants argue that plaintiff, who was a fixed-salary employee and alleges that defendants failed to pay him overtime, had first-hand knowledge only of fixed-salary overtime violations and thus is not "similarly situated" to employees paid on an hourly basis. First Obj. 2–4. Plaintiff opposes, arguing that he has offered documentary evidence showing that defendants also failed to pay overtime to hourly employees. Opposition to Second Obj. ("Opp'n Second Obj.") 9, ECF No. 96.

As noted by plaintiff in opposition to defendants' objection, and by Magistrate Judge Marutollo in denying defendants' Motion for Reconsideration, employee payroll records produced by defendants show that other employees, including those paid on an

---

[4]   Magistrate Judge Marutollo's Certification Order found that plaintiff had made a showing that he was similarly situated to employees employed at the restaurants Bongo Burrito and Charred Brick Oven but had not made a showing that he was similarly situated to potential opt-in class members employed by Puglia's. *See* Cert. Order 13, 26.

5

hourly basis, were not paid all the overtime wages to which they were entitled. Opp'n Second Obj. 9–10; Recon. Order 6. Magistrate Judge Marutollo relied on those records and determined that plaintiff had shown that defendants' policies violated the FLSA's requirement to pay overtime to hourly employees. *See* Cert. Order 26 (considering payroll records and finding instances where defendants undercompensated employees anywhere from 1.52 hours to 6.38 hours in a work week).

In their renewed objection to the Certification Order, defendants admit that there "may have been a few instances of human error" which resulted in hourly workers being undercompensated, but that those instances of human error were "*de minimis*." Second Obj. 2. Defendants point to two cases in support of their contention that courts deny conditional certification for overbroad classes. However, in those cases the plaintiff at issue failed to provide "any factual support for [the] belief that [the other potential opt-in employees] were underpaid in the same way that" plaintiff and other employees plaintiff spoke with were underpaid. *Feng v. Soy Sauce LLC*, No. 15-cv-03058, 2016 WL 1070813, at *5 (E.D.N.Y. Mar. 14, 2016); *see also Wang*, 2015 WL 4603117, at *9 ("Plaintiff offers no support for his conclusory assertions that the same policies and practices applied to all non-managerial employees, regardless of department.").

Here, plaintiff has offered evidence, in the form of payroll records, that hourly workers were also not paid overtime. Magistrate Judge Marutollo determined that this evidence was sufficient to meet plaintiff's modest burden of showing that he is similarly situated to those employees. Defendants have offered no basis for the Court to find that this determination was clearly erroneous or contrary to law. Thus, defendants' objections to the Certification Order and the Order on Reconsideration are overruled.

## CONCLUSION

For the reasons stated above, defendants' objections to Magistrate Judge Marutollo's Certification Order and Order on Reconsideration are overruled. Magistrate Judge Marutollo's Certification Order and Order on Reconsideration will stand.

**SO ORDERED.**

                                               /s/ Natasha C. Merle
                                               NATASHA C. MERLE
                                               United States District Judge

Dated:        August 18, 2025
               Brooklyn, New York